IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| § | |
| v.  § | CASE NUMBER 1:12-CR-119-5-MAC |
| § | |
| § | |
| CRAIG PIPPS § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending is a "Petition for Warrant or Summons for Offender Under Supervision" filed May 31, 2024, alleging that the Defendant, Craig Pipps, violated his conditions of supervised release. This matter is referred to the Honorable Christine L. Stetson, United States Magistrate Judge, for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.

**I. The Original Conviction and Sentence**

Craig Pipps was sentenced on March 19, 2014, before The Honorable Marcia A. Crone, of the Eastern District of Texas, after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute 500 Grams or More of Methamphetamine and 50 Grams or More of Methamphetamine "Actual" or "Ice", a Class A felony. This offense carried a statutory maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of 34 and a criminal history category of VI, was 262 to 327 months. Craig Pipps was subsequently sentenced to 120 months' imprisonment followed by a five year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; drug treatment and testing; mental health treatment; refraining from

association or communication with any gang member or participation in any form of gang-related or racketeering activity; and a $100 special assessment.

## II. The Period of Supervision

On October 4, 2023, the court modified the conditions of supervision, with the Defendant's consent, to include 180 days in a residential reentry center in a prerelease component, and to have no direct or indirect communication with Assistant U.S. Attorney John Bulkley Ross.

On January 2, 2024, Craig Pipps completed his period of imprisonment and began service of the supervision term in the Southern District of Texas.

## III. The Petition

United States Probation filed the Petition for Warrant for Offender Under Supervision raising five allegations. The petition alleges that Craig Pipps violated the following conditions of release:

Allegation 1. The Defendant shall refrain from any unlawful use of a controlled substance.

Allegation 2. The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

Allegation 3. The defendant shall not leave the judicial district without the permission of the court or probation officer.

Allegation 4. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.

Allegation 5. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.

## IV.  Proceedings

On July 2, 2024, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation.  The Defendant agreed to plead "true" to the first allegation that claims he violated his conditions by possessing methamphetamine by use.  In return, the parties agreed that he should serve a term of 18 months' imprisonment with three years of supervised release to follow to run concurrently with the revocation sentence imposed in Case 1:06-CR-32 in this district on this same date.

## V.  Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case.  The original offense of conviction was a Class A felony, therefore, the maximum imprisonment sentence is 5 years.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by failing to possessing methamphetamine by use, the Defendant will be guilty of committing a Grade B violation. U.S.S.G. § 7B1.3(a) indicates that upon a finding of a Grade A or B violation, the court shall revoke probation or supervised release.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade B violation and a criminal history category of VI, the policy statement imprisonment range is 21 to 27 months.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. The authorized term of supervised release for this offense is not more than Life.

U.S.S.G. § 7B1.3(g)(2) indicates where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Bradberry*, 360 F. App'x. 508, 509 (5th Cir. 2009).

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a mandatory condition of release that claims he violated his conditions by possessing methamphetamine by use. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade B violation, and the criminal history category is VI. The policy statement range in the Guidelines Manual is 21 to 27 months. The Defendant did

not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 18 months with three years of supervised release to follow to run concurrently with the revocation sentence imposed in Case 1:06-CR-32 in this district on this same date.  As stated by the parties, the court finds a slight downward departure from the guideline range is warranted in this case due to the Defendant's acceptance of responsibility and the nature of the violation.

## VII.  Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a mandatory condition of release by possessing methamphetamine by use.  The petition should be granted, and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583.  The Defendant should be sentenced to a term of 18 months' imprisonment with three years of supervised release to follow to run concurrently with the revocation sentence imposed in Case 1:06-CR-32 in this district on this same date.

As stated at the final revocation hearing, without objection, the same mandatory, standard and special conditions of supervised release previously imposed when the Defendant was originally sentenced in this case shall be re-imposed.  In addition, the additional special conditions should be imposed:

> The Defendant must reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence upon release from confinement and must observe the rules of that facility. Should he obtain a residence approved by the probation officer during the 180-day placement, he must be released.

> The Defendant must submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning unlawful conduct or a violation of your conditions of supervision.

Such conditions are set forth in the Judgment, and the rationale for all of these conditions is contained in the Defendant's Presentence Investigation Report.

## VIII.  Objections

At the close of the revocation hearing, the Defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable).  The Defendant also waived his right to be present and speak and have his counsel present and speak before the district court imposes the recommended sentence.  Therefore, the court may act on this report and recommendation immediately.

**SIGNED this the 2nd day of July, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE