**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **NO.  1:12-CR-119-5-MAC** |
| | § | |
| **CRAIG PIPPS** | § | |

## ORDER

Pending before the court is the Defendant, Craig Pipps', *Pro Se* Motion for Halfway House Placement (doc. #763).  Pipps is requesting that the court intervene regarding the Bureau of Prisons' decision regarding his length of placement in a halfway house during his federal sentence.

The procedural vehicle for attacking the execution of a sentence is a petition for habeas corpus under 28 U.S.C. § 2241.  *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *see also Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 494–95 (1973) (a § 2241 habeas petition is the proper avenue for challenging execution of a sentence).  Several circuits, and districts within this circuit, have held that a § 2241 petition may be used to challenge where a federal sentence should be served—specifically the BOP's decision not to place an inmate in a residential reentry center or halfway house.  *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 242-44 (3d Cir. 2005)[1] (finding that a challenge to BOP regulations governing placement in a community corrections program is a proper challenge to the execution of the inmate's sentence and is therefore properly brought pursuant to § 2241); *DeBerry v. Johnson*, No. 17-CV-1209, 2017 WL 7048527, at *1 (W.D. La. Dec. 29, 2017), *R. & R. adopted*, 2018 WL 522730 (W.D. La. Jan. 23, 2018) (citing *Mihailovich v. Berkebile*, 2007 WL 942091 at *3 (N.D. Tex. Mar. 28, 2007) (collecting cases); *McConnell v. Maiorana*, 2014 WL 587176 at *1–*2 (W.D. La. Feb. 14, 2014)).

---

[1] The proper district of jurisdiction for this matter is New Jersey, which is located within the Third Circuit.

1

The only district with jurisdiction to consider a § 2241 habeas petition challenging the execution of a federal sentence is the district of incarceration. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004); *Lee v. Wetzel*, 244 F.3d 370, 373–74 & n.3 (5th Cir. 2001) ("[W]e have firmly stated that the district of incarceration is the only district that has jurisdiction to entertain a defendant's § 2241 petition."). Accordingly, when a § 2241 petition is filed in any other court, that court has only two options: dismiss the petition or transfer it to the district with jurisdiction if the interests of justice so require. *See Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *Lee*, 244 F.3d at 375; *see also* 28 U.S.C. § 1631 (permitting transfers to cure a want of jurisdiction if doing so is "in the interest of justice"). Pipps is currently incarcerated at FCI Fairton in Fairton, New Jersey. Therefore, the District of New Jersey is the only district with jurisdiction to consider his habeas petition.

Accordingly, it is **ORDERED** that the Defendant's Pro Se Motion for Halfway House Placement (doc. #763) is **STRICKEN** from the docket in the Defendant's criminal case. The Clerk of Court is **DIRECTED** to file the document submitted by the Defendant as a new civil action. It is also **ORDERED** that the new civil action shall be opened as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and assigned according to the regular practice for allotment of newly filed civil actions. Moreover, it further **ORDERED** that once the new civil action is opened as a cause of action pursuant to 28 U.S.C. § 2241, it shall be transferred to the District of New Jersey, the district of Pipps' incarceration according to his last correspondence with the court and BOP's inmate locater website.

**SIGNED this the 3rd day of January, 2025.**

_____

Christine L Stetson
UNITED STATES MAGISTRATE JUDGE